UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES P. ELLIS,**

      **Plaintiff,**

  v.                         **Civil Action 2:25-cv-642**
                                  **Judge Algenon L. Marbley**
                                  **Magistrate Judge Chelsey M. Vascura**

**OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION,**

      **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, James P. Ellis, an Ohio inmate who is proceeding without the assistance of counsel, sues the Ohio Department of Rehabilitation and Correction ("ODRC") under 42 U.S.C. § 1983, alleging that ODRC and its Bureau of Sentence Computation improperly modified Plaintiff's prison sentence without due process in violation of the Fourteenth Amendment. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief may be granted. It is further **RECOMMENDED** that the Court **DENY AS MOOT** Plaintiff's Motion

for Temporary Restraining Order (ECF No. 2), Motion for Preliminary Injunction (ECF No. 3), Motion to Appoint Counsel (ECF No. 5), Motion for Immediate Release (ECF No. 7), and Motion for Status Update (ECF No. 14).

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $47.49 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A309704) at the Marion Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion

of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient

4

treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff was convicted after a jury trial in 1995 of aggravated murder and aggravated burglary. On March 31, 1995, Plaintiff was sentenced by the Court of Common Pleas for Hamilton County, Ohio,

> to be imprisoned in Department of Corrections for a period of LIFE IMPRISONMENT IN COUNT #3 [aggravated murder] AND TEN (10) YEARS TO A MAXIMUM OF TWENTY-FIVE (25) YEARS WITH TEN (10) YEARS ACTUAL INCARCERATION IN COUNT #4 [aggravated burglary] TO RUN CONSECUTIVELY TO COUNT #3 WITH CREDIT OF TWO HUNDRED NINETY-SIX (296) DAYS GIVEN FOR TIME SERVED.

(Judgment Entry, ECF No. 1-1, PAGEID #30.) At Plaintiff's first parole hearing on May 27, 2015, parole was denied and Plaintiff's next parole hearing was scheduled for 2025. The Decision and Minutes for the 2015 parole hearing lists Plaintiff's sentence as "30 to Life." (ECF No. 1-1, PAGEID #44.) On October 30, 2018, the Bureau of Sentencing Computation ("BOSC") sent Plaintiff a letter computing his sentence as "20 to Life consecutive to 10 to 25," which "translated as 30 to Life." (ECF No. 1-1, PAGEID #31.) A second parole hearing was held on February 18, 2025, at which parole was again denied, and the next parole hearing was scheduled for 2028. Plaintiff's sentence is again listed on the Decision and Minutes of the 2025 hearing as "30.00–Life." (ECF No. 1-1, PAGEID #36.)

Plaintiff asserts that the Hamilton County Court did not sentence him to "30 years to life," and that BOSC impermissibly altered his sentence without due process when they computed his sentence as "30 years to life." Plaintiff further argues that Ohio Revised Code § 2929.03 provides the only permissible sentences for aggravated murder, none of which are "20

5

to life"; such that BOSC improperly usurped the authority of the judicial branch by altering his sentence for aggravated murder from "life imprisonment" to "20 to life."[1]

Plaintiff advances a claim under 42 U.S.C. § 1983 for violation of his procedural due process rights under the Fourteenth Amendment. As relief, he seeks declaratory and injunctive relief as well as compensatory and punitive damages. (Compl., ECF No. 1-1, PAGEID #18–19).

"The Fourteenth Amendment prohibits states from depriving individuals of life, liberty, or property without due process of law." *Johnson v. Morales*, 946 F.3d 911, 921 (6th Cir. 2020) (citing U.S. Const. amend. XIV, § 1). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that a liberty or property interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005). Thus, procedural due process analysis involves two steps: "the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

As an initial matter, to the extent that Plaintiff advances claims for compensatory and punitive damages against ODRC or BOSC, those claims must be dismissed under the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "There are three exceptions to sovereign immunity:

---

[1] Plaintiff moves for leave to file an addendum to his Complaint (ECF No. 12), which is **GRANTED**. Plaintiff emphasizes in an addendum that he does not challenge the sentence as imposed by the Hamilton County Court. Thus, his claim is not barred by *Heck v. Humphrey*, 512 U.S. 477.

6

(1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's claims for damages. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66 (1989)). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. Plaintiff's claims for compensatory and punitive damages fall outside the scope of *Ex Parte Young*. Accordingly, any claims for damages must be dismissed.

As to Plaintiff's requested declaratory and injunctive relief, there are several problems with Plaintiff's claims. First, Plaintiff's allegations do not plausibly suggest that BOSC altered the Hamilton County Court's sentence. The Ohio Administrative Code explains the meaning of the Hamilton County Court's "life imprisonment" sentence:

> A sentence of life imprisonment imposed pursuant to section 2929.03 of the Revised Code for the offense of aggravated murder is presumed to be a sentence of life imprisonment with parole eligibility after twenty years, . . . unless the journal entry of the court specifies that parole eligibility is to be after twenty full years or thirty full years.

Ohio Admin. Code § 5120-2-10. Thus, the Hamilton County Court's sentence of "life imprisonment" for aggravated murder is equivalent to a sentence of "life imprisonment with parole eligibility after twenty years." Plaintiff cannot seriously argue that there is a meaningful difference between "life imprisonment with parole eligibility after twenty years" as provided by

7

the Ohio Administrative Code and "20 to life" as computed by BOSC. Thus, BOSC simply did not alter Plaintiff's murder sentence, impermissibly or otherwise.

Moreover, Plaintiff can demonstrate no due process injury from BOSC's computation of either his murder sentence (20 to life) or his aggregate sentence (30 to life). He expressly does not challenge the underlying Hamilton County Court's sentence; thus, he concedes that he was to be incarcerated for a term constituting life imprisonment followed by a term of at least ten years. As evidenced by his Motion for Immediate Release (ECF No. 7), Plaintiff's ultimate goal is his speedy release from prison. Plaintiff does not specify when he thinks he was entitled to his first parole hearing under the Hamilton County Court's sentence. But the Ohio statute he relies on for permissible sentences for aggravated murder lists a minimum sentence of "[l]ife imprisonment with parole eligibility after serving twenty years of imprisonment." Ohio Rev. Code. § 2929.03(1)(b). Plaintiff received a parole hearing after being incarcerated for 20 years and again after 30 years, and he has another parole hearing scheduled for 2028. Thus, Plaintiff received consideration for release at the earliest possible time under the statute on which he relies. Plaintiff does not identify what additional process he is due as a result of BOSC's alleged modification of his sentence. Without any denial of process, his due process claim necessarily fails.

Finally, any claim under § 1983 based on the alleged modification of Plaintiff's sentence is time-barred. "In § 1983 suits, the applicable statute of limitations is determined by state law, while the 'date on which the statute of limitations begins to run . . . is a question of federal law.'" *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (*quoting Eidson v. State of Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (alteration in original)). Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations for § 1983 claims. *Browning v. Pendleton*,

8

869 F.2d 989, 992 (6th Cir. 1989). That statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). Plaintiff was advised of BOSC's computation of his sentence as "30 to Life" at least as far back as his 2015 parole hearing. (*See* Ohio Parole Board Decision and Minutes, ECF No. 1-1, PAGEID #44.) Plaintiff was again advised of BOSC's computation by letter in 2018. (ECF No. 1-1, PAGEID #31.) Thus, Plaintiff's 2025 Complaint was filed well outside the two-year limitations period.

The undersigned therefore recommends dismissal of Plaintiff's Complaint in its entirety. As a result, the undersigned also recommends that the Court deny Plaintiff's Motion for Temporary Restraining Order (ECF No. 2), Motion for Preliminary Injunction (ECF No. 3), Motion to Appoint Counsel (ECF No. 5), Motion for Immediate Release (ECF No. 7), and Motion for Status Update (ECF No. 14) as moot.

### III. DISPOSITION

For the reasons above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**;

Plaintiff's Motion for Leave to File an Addendum to Complaint (ECF No. 12) is **GRANTED**;

It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2); and

It is further **RECOMMENDED** that the Court **DENY AS MOOT** Plaintiff's Motion for Temporary Restraining Order (ECF No. 2), Motion for Preliminary Injunction (ECF No. 3), Motion to Appoint Counsel (ECF No. 5), Motion for Immediate Release (ECF No. 7), and Motion for Status Update (ECF No. 14).

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE